IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:19-cr-00036 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| ASHLEY ROBERTSON BROWN ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On June 22, 2020, defendant Ashley Robertson Brown, proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. No. 151.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD) and ordered the FPD to file a supplement to Brown's motion. (Dkt. Nos. 152, 154.) The FPD filed a supplemental motion on Brown's behalf (Dkt. No. 155), in response to which the United States filed an opposition (Dkt. No. 157). Neither Brown nor the FPD filed a reply brief, and the court finds that a hearing on the motion is not necessary. For the reasons stated below, the court will deny Brown's motion.

I. BACKGROUND

Brown was indicted in March 2019 on a charge of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine and possession with intent to distribute 50 grams or more of methamphetamine. (Dkt. No. 12.) She pled guilty to count one of the indictment. (Dkt. Nos. 64, 65.) The agreed statement of facts indicates that Brown was a local distributor in a methamphetamine distribution conspiracy. (Dkt. No. 66.) On January 31, 2020, the court sentenced Brown to seventy-two months in the custody of the Federal Bureau of Prisons (BOP) followed by five years of supervised release. (Dkt. No. 131.)

Brown is housed at FCI Danbury, a low-security facility in Connecticut housing 810 inmates. *See FCI Danbury*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/dan/ (last visited July 24, 2020). The FPD notes that as of June 24, 2020, ninety-seven inmates at FCI Danbury have tested positive for COVID-19 (*see* Dkt. No. 155, at 3); however, a review of the BOP website indicates that FCI Danbury is currently reporting one active staff case and zero active inmate cases, with eighty-nine inmates and sixty-one staff having recovered, and one inmate death, *see COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 24, 2020).

Brown reports that she is twenty-four years old and has "heart problems." She states that her medical conditions put her at a higher risk from COVID-19. (Dkt. No. 151.) The FPD notes that Brown's BOP records are "sparse," and that her health records show no chronic illnesses despite several complaints of chest pain. (Dkt. No. 155, at 3.) Neither Brown nor the FPD have provided medical records or any more specific details regarding Brown's alleged "heart problems."

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

>portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
>>(i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

>(1)(A) Extraordinary and compelling reasons warrant the reduction;
>. . .
>
>(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019).

3

Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification.  28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

**B. Exhaustion**

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Specifically, a petitioner must satisfy one of two conditions: (i) "exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  This court has previously acknowledged that the exhaustion requirement is not satisfied where the defendant's warden denies the defendant's request for compassionate release within thirty days of the request and the defendant does not pursue any further appeal within the BOP.  *See United States v. Thomas*, No. 5:13-cr-19, 2020 WL 3895781, at *2 (W.D. Va. July 10, 2020) ("If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP.  The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.").

Brown states in her motion that the warden of FCI Danbury "informed inmates in advance that she will be denying ALL requests for compassionate release and encouraged inmates to petition the courts for sentence reductions." (Dkt. No. 151.)  The government also attached to its response brief a copy of a "Response to Inmate Request to Staff Member," in which the warden of FCI Danbury denied Brown's request for release on June 18, 2020. (Dkt. No. 157-1.)  Although the response indicates that Brown in fact filed a request for release, it is unclear from Brown's allegations or the response from her warden when she filed her request for

4

release.  And Brown does not suggest that she ever appealed the warden's decision.  Thus, it is unclear whether Brown meets either of the exhaustion criteria.

Nonetheless, the court has previously found that § 3582's exhaustion requirement is not a jurisdictional bar, but it is a claims-processing rule that may be waived.  *United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 n.1 (W.D. Va. May 19, 2020) (citing *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017)).  In its response, the government does not argue that Brown failed to exhaust her administrative remedies.  To the contrary, the government "agrees the requisite thirty days will pass at the latest on July 18, 2020, providing the Court jurisdiction over Brown's present motion for compassionate release."  (Dkt. No. 157, at 2.)  Accordingly, the court finds that the government has waived the exhaustion requirement.

## C.  Extraordinary and Compelling Reasons

Brown bases her motion for release on the risk COVID-19 poses to her at FCI Danbury. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020).

Brown has failed to show a particularized susceptibility to COVID-19.  She is only twenty-four years old and, despite her report of "heart problems," neither she nor the FPD has substantiated these claims with any medical records or other evidence.  Brown does not even identify a specific heart condition, relying only on her generalized allegations.  The government notes that Brown has a history of endocarditis from her drug use, but her medical records indicate that she has not received any treatment for a heart condition since she has been in BOP

custody. (*See* Dkt. Nos. 157, 162.) Accordingly, the court finds that Brown has failed to meet her burden to show that extraordinary and compelling reasons justify her release.

**D. Section 3553(a) Factors**

Even if the court found that extraordinary and compelling reasons existed, it would nonetheless exercise its discretion to deny the motion. Brown has been incarcerated since her arrest on March 7, 2019, and has a projected release date of April 15, 2024. (Dkt. No. 155, at 3.) She has served only a small portion of her sentence to date. Moreover, in imposing Brown's sentence, the court varied downward from her guideline range despite Brown being responsible for approximately 4.25 kilograms of a methamphetamine mixture and having a criminal history category of IV, which the court noted showed a disrespect for the law. Reducing Brown's sentence would not reflect the seriousness of her offense, provide just punishment, or adequately deter criminal conduct. Additionally, further reduction in Brown's sentence would create an unwarranted disparity between her sentence and the sentences of defendants with similar criminal histories who were found guilty of similar conduct. *See* 18 U.S.C. § 3553(a). Thus, the factors set forth in § 3553(a) do not support Brown's release.

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Brown's motion for compassionate release (Dkt. Nos. 151, 155) is DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: August 5, 2020.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge